DANIEL E. BAILEY, Appellant, *v.* THE BUFFALO CROSSTOWN RAILWAY COMPANY, Respondent.

*Officer of corporation — when entitled to compensation for services rendered to the corporation.*

Appeal from a judgment in favor of the defendant, entered on the report of a referee.

The action was brought to recover upon a claim assigned to the plaintiff, for services rendered in and about the business of the corporation defendant by Daniel L. Bennett, who, at the time, was the vice-president and a director of the corporation.

The court, at General Term, after saying that "it may be regarded as setted law in this State, that a director of a corporation organized for the pecuniary profit of its stockholders, such as a railway company, is entitled to compensation for his personal services beyond the ordinary range of his official duties upon an actual employment by the company (*Jackson* v. *N. Y. Central Railroad Company*, 2 N. Y. S. C. R., 653; S. C. affirmed, 3 id., 'Corrigenda ') ; and it is not indispensable that such employment should be by formal resolution, but it may be inferred from circumstances " (id.), proceeded to consider the evidence in support of the claim made in this case, and said:

"The plaintiff's counsel offered to show that the services rendered in 1875 were in pursuance of an express direction of the president given in January of that year. The evidence was properly excluded. The president had no authority to bind the company by such a direction. The by-law relied upon by the plaintiff's counsel authorizes the president to manage, ' either himself, or through the proper subordinate officers of the company,' all negotiations with other corporations, etc. Should he conduct such negotiations himself, he would simply discharge an official duty for which he would not be entitled to pay. He could not intrust the business to an agent, not an officer of the company, and we incline to the opinion that any subordinate officer of the company, selected by him for the purpose, would be acting in his official capacity, and would not be entitled to com-

pensation for the service, at least without an agreement on the part of the directors to that effect, express or implied. The by-laws make it the duty of the vice-president to perform all the duties of the president in case of his death, incapacity or absence from the city, and for so doing, it is clear he would not be entitled to pay. The plaintiff did not offer to show that the direction of the president was known to the board of directors, or that it was accompanied by an agreement to pay Bennett for his services rendered in pursuance of such direction.

" We think the judgment should be affirmed."

*John George Milburn,* for the appellant. *A. P. Laning,* for the respondent.

Opinion by SMITH, J.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment affirmed.